CLEVELAND PUBLIC LIBRARY, APPELLEE, *v.* WALKDEN ET AL.,
APPELLANTS.[*]
IN RE ESTATE OF WOODS: CLEVELAND·PUBLIC LIBRARY, APPELLEE,
*v.* WALKDEN ET AL., APPELLANTS.[*]

(Nos. 25532 and 25533—Decided June 8, 1961.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Fred W. Frey,* for appellee.

*Mr. Harry A. Gillis,* for appellants.

*Per Curiam.* In this case a settlement had been reached by all the parties, which provided for:

(1) A dismissal of the petition of the plaintiff for declaratory judgment by agreement of all the parties where the issues had not yet been made up or the case submitted to the Probate Court Judge.

(2) An application for an order of distribution in kind to the plaintiff, the Cleveland Library Board, as residuary legatee.

(3) An agreement as to the allowance of fees for the executor and counsel.

As the Cleveland Library Board had voted unanimously (7 to 0) in favor of the settlement of all these matters and all parties had agreed by journal entry, signed by counsel for all

---

[*]Motion to certify the record overruled (37155 and 37156), December 13, 1961.

the parties, in respect to these several matters, we think that the Probate Court Judge should have approved all agreements and should have signed the journal entry presented to him in the interests of settling protracted litigation. We, therefore, conclude that the Probate Court Judge committed prejudicial error in refusing to dismiss the petition for declaratory judgment as agreed upon by all parties, and, this court proceeding to enter the judgment which the Probate Court should have entered, final judgment is rendered for appellants and the petition for declaratory judgment is dismissed.

The court committed prejudicial error in denying the petition for distribution in kind to the Cleveland Library Board, the residuary legatee, as agreed upon by all parties, and the denial of the application for fees to the executor and counsel, agreed to by all parties, the record showing that valuable services had been rendered for which compensation should have been allowed. In respect to these latter two matters, the judgment is reversed as prejudicially erroneous and contrary to the manifest weight of the evidence for which reason the cause is remanded to the Probate Court for further proceedings according to law.

*Judgment accordingly.*

KOVACHY, P. J., SKEEL and HURD, JJ., concur.